UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BRIGGS,

    Plaintiff,

v.

                              Case No. 22-cv-11300
                              Hon. Matthew F. Leitman

CITY OF DETROIT, *et al.*,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT (ECF No. 16)

In this action, Plaintiff John Briggs claims that he was unreasonably detained and subjected to excessive force during an encounter with Detroit Police Officers on February 3, 2021. (*See* Compl., ECF No. 1.) Briggs has now moved for summary judgment on his claims against one of the officers involved in that incident, Defendant Stanley Kropik. (*See* Mot., ECF No. 16.) For the reasons explained below, the motion is **DENIED**.[1]

**I**

This case arises out of an incident that took place in the City of Detroit on February 3, 2021. In brief, Briggs was driving down the 13000 block of Glastonbury

---

[1] The Court concludes that it may resolve Briggs' motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

1

when he sideswiped a parked car on the sidewalk. (*See* Briggs Dep., ECF No. 20-2, PageID.205-207.) After he hit the parked car, Briggs exited his vehicle and began "yelling" at people who had come outside after hearing the accident. (*Id.*, PageID.209, 217.) Briggs admits that he was "livid" and "turnt up," and at one point, Briggs yelled to one of the neighbors that he (the neighbor) was "lucky" Briggs did not "come over there." (*Id.*, PageID.209, 216, 219.) Briggs says that he was upset about crashing his car and upset about how the other cars were parked on the street. (*See id.*, PageID.210.)

About ten minutes later, Officer Kropik arrived on the scene with other officers. Briggs acknowledges that when the officers first arrived, he (Briggs) was "obnoxious" and "yelling" at the neighbors who were across the street from the accident. (*Id.*, PageID.211.) Briggs was also "pointing" at the neighbors. (*Id.*) Briggs says that Kropik told Briggs that he was "going to have to put [Briggs] in handcuffs and put [Briggs] in [a police] car because [Briggs would not] calm down." (*Id.*, PageID.218.) Briggs insists he did not resist, but he did swear at Kropik and called him an "asshole." (*Id.*, PageID.218-219.) Kropik handcuffed Briggs and pushed him against the front of Briggs' car, before placing him in a police car. (*See id.*, PageID.218-221.) Briggs says that Kropik broke his wrist while pushing him against his car and that the handcuffs were so tight that it caused his fingers to go numb. (*See id.*, PageID.214, 221, 223.)

2

About "15 or 20" minutes later, the officers released Briggs from the police car. (*Id.*, PageID.224.)  Kropik then wrote Briggs a citation for driving with a suspended license, driving without insurance, and improper lane usage. (*See* Citation, ECF No. 20-7.)  At that point, Briggs was free to leave the scene of the accident.

## II

Briggs filed this action against Kropik and the City of Detroit on June 13, 2022. (*See* Compl., ECF No. 1.)  In his Complaint, Briggs brings the following claims against Kropik:

- "Unreasonable Search and Seizure and Use of Excessive Force" in violation of the Fourth Amendment (Count I);

- Assault and Battery in violation of Michigan law (Count III); and

- Intentional Infliction of Emotional Distress (Count IV).

(*See id.*)

On May 5, 2023, Briggs moved for summary judgment on all of his claims against Kropik. (*See* Mot., ECF No. 16.)  Kropik opposes the motion. (*See* Kropik Resp., ECF No. 20.)

## III

Under Federal Rule of Civil Procedure 56, a movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 312, 326-27 (6th Cir. 2013) (quoting Fed. R. Civ. P. 56). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* But "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52.

Where, as here, a plaintiff moves for summary judgment on a claim for which he bears the burden of proof at trial, he faces a "significantly higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Indeed, "where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. U.S.*, 799 F.2d 254, 259 (6th Cir. 1986). *See also Arnett*, 281 F.3d at 561 (same).

IV

When the Court views the evidence in the light most favorable to Kropik, it cannot conclude that Briggs is entitled to judgment as a matter to law on any of his claims.

The Court begins with Briggs' unreasonable seizure claim. As described above, Briggs' own testimony is that when Kropik arrived on the scene, he (Briggs) was "obnoxious," "livid," and "yelling" and "pointing" at neighbors who had come outside after the accident. He also threatened at least one onlooker. When this evidence is viewed in Kropik's favor, there was, at a minimum, reasonable suspicion to believe Briggs was being a disorderly person in violation of the City of Detroit's disorderly person ordinance.[2] *See*, *e.g.*, *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). And that reasonable suspicion would have provided Kropik a basis "to conduct a *Terry* stop" and temporarily detain Briggs. *United States v. Warner*, 2011 WL 2976786, at *3 (E.D. Mich. 2011) (holding that violation of City of Detroit's disorderly conduct ordinance provided reasonable suspicion for officers to "conduct a *Terry* stop"). Indeed, in the light most favorable to Kropik, based on Briggs' self-described behavior, Kropik may even have had probable cause to arrest Briggs for

---

[2] In relevant part, the City of Detroit's disorderly person ordinance provides that "[a]ny person who shall make or assist in making any noise, disturbance or improper diversion or any rout or riot, by which the peace and good order of the neighborhood is disturbed ... shall be guilty of disorderly conduct." Detroit, Michigan, Code of Ordinances, Part III, § 38–5–1.

5

violating Detroit's disorderly person ordinance. *See id.* (noting that violation of Detroit's disorderly person ordinance "can result in a citation and is an arrestable offense"). Briggs is therefore not entitled to judgment as a matter of law on his unreasonable seizure claim.

Likewise, the Court cannot conclude that Briggs is entitled to summary judgment on his excessive force claim. The evidence viewed in the light most favorable to Kropik does not necessarily compel the conclusion that, as a matter of law, the amount of force Kropik used was unreasonable.

Finally, for the same reasons, Briggs is not entitled to summary judgment on his state-law assault and battery and intentional infliction of emotional distress claims. When the evidence is viewed in Kropik's favor, the Court cannot conclude that Kropik acted with the required intent for those claims under Michigan law. Nor, as explained above, can the Court conclude, on this record, that the amount of force Kropik used was unreasonable as a matter of law. The Court therefore declines to grant Briggs summary judgment on his state-law claims.

V

For all of the reasons explained above, **IT IS HEREBY ORDERED** that Briggs' motion for summary judgment (ECF No. 16) is **DENIED**.

Dated: December 11, 2023

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

   I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 11, 2023, by electronic means and/or ordinary mail.

              s/Holly A. Ryan
              Case Manager
              (313) 234-5126